GRIERSON v BOARD OF EDUCATION OF THE SAGINAW CITY
SCHOOL DISTRICT

Docket No. 44606. Submitted February 5, 1980, at Lansing.—Decided
April 22, 1980.

Alexander Grierson, a Saginaw fireman, sustained a work-related
injury while inspecting a Saginaw school and was paid workers'
disability compensation benefits by the City of Saginaw (city).
He brought a third-party negligence action in the Saginaw
Circuit Court against the Board of Education of the Saginaw
City School District (school board). The city intervened as a
plaintiff to protect its right to recover from third-party tortfea-
sors any workers' disability compensation paid to Grierson.
Grierson settled his claim with the school board. Grierson
qualified to receive duty disability payments from the City of
Saginaw Policemen and Firemen Retirement System, but the
city reduced these payments to Grierson to recover the amount
of workers' compensation benefits paid to him. Grierson
amended his complaint to add the Board of Trustees of the City
of Saginaw Policemen and Firemen Retirement System (Board
of Trustees) as a party defendant and for a declaratory judg-
ment that he was entitled to the duty disability payments
withheld by the city as offsetting the compensation benefits
received to the extent that compensation benefits were repaid
to the city from the settlement with the school board. Judg-
ment for Grierson against the city and the Board of Trustees,
Hazen R. Armstrong, J. The school board was dismissed as a
party. The city and the Board of Trustees appeal. *Held:*

1. The purpose of a city ordinance which requires that any
workers' compensation paid or payable to a retirant or benefici-
ary on account of his city employment shall be offset against
any pensions payable to him is to prevent double recovery in

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 81 Am Jur 2d, Workmen's Compensation § 77.

[2] 14 Am Jur 2d, Champerty and Maintenance § 9.

82 Am Jur 2d, Workmen's Compensation § 643 *et seq.*

Attorney's fee or other expenses of litigation incurred by employee
in action against third-party tortfeasor as charge against employ-
er's distributive share. 74 ALR3d 854.

the event of a disabling accident; where the money obtained from a third-party negligence settlement will be repaid to the city the recipient is collecting only his pension benefits and there is no double recovery.

2. It is proper for an employer to pay a portion of the costs of recovery of an employee's claim from a third party since the employer thereby receives the benefits of repayment of workers' compensation payments as well as credit for those benefits to be paid in the future and this does not result in undue enrichment to the employee.

3. An injured employee is not precluded by statute from recovering both workers' disability compensation benefits and disability pension benefits where the disability compensation benefits were reimbursed to the employer from a settlement with a third-party tortfeasor.

Affirmed.

1. Workers' Compensation — Pension Plans — Double Recovery — City Employees.

There is no double recovery by an injured city employee who receives workers' compensation benefits and disability pension benefits where the money obtained by the employee in settlement of his claim against a third-party tortfeasor is to be repaid to the city and credited to the city to the extent of its payment of workers' compensation benefits.

2. Workers' Compensation — Costs of Recovery — Employers and Employees — Legal Fees — Undue Enrichment.

It is proper for an employer to pay a portion of the costs of recovery of workers' compensation benefits from a third party, since the employer thereby receives the benefits of repayment of the workers' compensation payments plus credit for those benefits to be paid in the future, and the employee is not being unduly enriched.

3. Workers' Compensation — Statutes — Disability Pensions.

An injured employee is not precluded by a statute from recovering both workers' disability compensation benefits and disability pension benefits where the disability compensation benefits were reimbursed to the employer from a settlement with a third-party tortfeasor (MCL 418.161; MSA 17.237[161]).

*Van Benschoten, Hurlburt & Van Benschoten, P.C.,* for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Bruce L. Dalrymple),* for defendants.

Before: CYNAR, P.J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Plaintiff Grierson, a Saginaw fireman, was injured while inspecting a Saginaw school, prompting payment of workers' compensation benefits to him by the City of Saginaw. He subsequently brought an action against defendant Saginaw Board of Education and the City of Saginaw intervened to recoup compensation benefits paid to Grierson. Grierson qualified to receive duty disability payments from the defendant Board of Trustees, but the city reduced the disability pension payments by the amount of compensation benefits received by plaintiff. Grierson settled his claim with the Board of Education. He then amended his complaint to seek a declaratory judgment determining that he was entitled to reimbursement of disability pension payments, which had been previously offset against his compensation benefits, to the extent that compensation benefits were repaid to the city from his settlement against the Board of Education. A judgment for Grierson was entered. Defendant Board of Trustees and cross-defendant City of Saginaw appeal of right from the declaratory judgment.

Appellants' first argument on appeal is based on the Saginaw ordinance, D-678 § 129, which states in part that, "Any workmen's compensation which may be paid or payable to a member retirant or beneficiary on account of his city employment shall be offset against any pensions payable to such member, retirant or beneficiary". It is apparent that the purpose of this ordinance is to prevent double recovery by city employees from work-

ers' compensation and disability pension funds in the event of a disabling accident. When one recognizes, as did the lower court, that it is the money obtained by Grierson from his settlement that will be repaid to the city and credited to the city, it would be a frustration of the purpose of the above-quoted ordinance to consider that money as "workmen's compensation" and still allow the offset. The lower court's ruling only allows Grierson to collect his pension benefits. There is, therefore, no double recovery.

Appellants next argue that the lower court's ruling will result in unjust enrichment. The gist of this argument is that Grierson will recover more money than he would have had the city not intervened to seek reimbursement and future credit. That is, had the city not intervened, Grierson, alone, would have had to suffer a diminution of his award by virtue of his legal fees and costs, whereas, given the city's intervention, Grierson's award is increased due to the city's expenditures on legal fees and costs. Contrary to appellants' contention, the holding of *Franges v General Motors Corp,* 404 Mich 590; 274 NW2d 392 (1979), should not affect the validity of the lower court's holding herein. We first note, in passing, that appellants have limited their arguments in this matter to hypothetical examples, failing to employ the specific figures of the legal fees and costs involved in this litigation to demonstrate how the resolution of the lower court neglected to apply the formula proposed in *Franges, supra,* 617-623. Grierson, on the other hand, declares that his employer will be reimbursed according to the guidelines of *Franges,* and cites the specific figures involved. Furthermore, he demonstrates that his employer's monetary interest in the proceeds of

his settlement virtually exhausts the entire amount of the settlement. Grierson settled against the third party for $35,000 and compensation payments at the time of appeal totalled $33,233.66, leaving Grierson proceeds amounting to $1,153.61. Compare these figures to the significantly greater figures involved in the *Franges* case. Finally, as the *Franges* opinion ruled, it is proper for an employer to pay a portion of the costs of recovery from a third party since the employer thereby receives the benefits of repayment of the workers' compensation payments plus credit for those benefits to be paid in the future. Accordingly, we find no error in the lower court's calculations.

The ultimate issue raised by appellants is basically a reiteration of their first argument. Their contention, based on MCL 418.161; MSA 17.237(161), is that benefits from the pension fund awarded to Grierson constitute "like benefits" to those allowable under the Worker's Disability Compensation Act, resulting in an impermissible double recovery under the above-cited statute. However, this argument fails for the same reason as does the first, *viz.,* it is unrealistic to consider workers' compensation benefits paid to Grierson as such, when, in fact, they are derived from his settlement against the third party. Defendant city is reimbursed from settlement proceeds for its workers' compensation benefits paid to Grierson. Therefore, he does not receive a double recovery from city funds as barred by statute.

Affirmed.